BARKDULL, Judge,
dissenting.
I respectfully dissent from so much of the above opinion that reverses the motion to dissolve the writ of attachment.
The plaintiff, Banco, upon filing of the complaint, sought both a writ of attachment and writ of garnishment. The complaint and the affidavit supporting both applications for extraordinary relief allege that there was a debt due Banco of approximately $1,800,000.00. The affidavit further reveals no known real property or other tangible assets belonging to the debt- or in this jurisdiction. The joint affidavit further provided as follows:
“Plaintiff Has Reason to Believe and Does Believe That Defendant Will Not Have In Its Possession, After Execution Is Issued On A Judgment Therein, Visible Property In This State and In This County On Which A Levy Can Be Made Sufficient To Satisfy
The Bank’s Claim,
and
That Defendant Is Actually Removing, and/or Is About To Remove, Its Property Out of The State, and That Defendant Is Actually Removing Itself Beyond The Limits Of This Judicial Circuit In Which It Resides or That Defendant Resides Out of the State of Florida.
The affidavit which was subsequently incorporated into the motions for the respective writs concluded with the following:
WHEREFORE, for the foregoing reasons, plaintiffs motions for a Writ of Attachment and a Writ of Garnishment should be granted forthwith, pursuant to FS §§ 76.01, et seq. and FS §§ 77.01 et seq., respectively, in their entirety, with costs, expenses, and appropriate attorneys’ fees to the plaintiff.
Prior to the issuance of the respective writs, a garnishment/attachment bond in the principal sum of $3,592,881.00 was filed and approved by the clerk. The extraordinary relief sought was pursuant to Chapter 76 and 77 of the Florida Statutes (1983). The first relates to attachment and the second relates to garnishment. Section 76.-04 Florida Statutes (1983) reads as follows:
76.04 Grounds when debt due.— The creditor may have an attachment on a -debt actually due to him by his debtor, when the debtor:
(1) Will fraudulently part with his property before judgment can be obtained against him.
(2) Is actually removing his property out of the state.
(3) Is about to remove his property out of the state.
(4) Resides out of the state.
(5) Is actually moving himself out of the state.
(6) Is about to move himself out of the state.
(7) Is absconding.
(8) Is concealing himself.
(9) Is secreting his property.
(10) Is fraudulently disposing of his property.
(11) Is actually removing himself beyond the limits of the judicial circuit in which he resides.
(12) Is about to remove himself out of the limits of such judicial circuit.
The complaint in this action and the joint affidavit in support of the extraordinary writs assert that the debt of approximately $1,800,000.00 is due and alleges that the debtor is either actually removing its property out of the state or is about to remove its property out of the state. It seems clear to me that not only is the creditor entitled to the writ of garnishment but it is also entitled to the writ of attachment. It has posted a bond for double the amount *934 alleged to be due. The debtor has a right to release the property pursuant to the provisions of Section 76.18 Florida Statutes (1983) upon the posing of a bond, which shall exceed xk of the value of the property. The statutory scheme established by the legislature services both interests. If plaintiff does not actually have a debt due, then there is a bond for double the amount alleged to be due from which the debtor can recover for the wrongful attachment, in this instance, some 372 million dollars. The debtor has a right to secure the release of the attached property upon the posting of a bond, not for the amount of the debt claimed, but only for the value of the property plus 25%, and as aforestated, if the attachment is wrongfully issued it is of no doubt that any costs incident thereto, would be recoverable. The statutory scheme is really very simple. A creditor has a debt due. If he wants to attach an asset of the debtor which is about to be removed from the state, he must post a bond in double the amount claimed. Once the property is attached, the debtor can either leave it to satisfy in whole or part the debt due or seek the return of its property upon the posting of a forthcoming bond which would stand as security in lieu of the attached property. If the creditor is wrong in the first instance he is liable on the attachment bond which is double the amount claimed. If the debtor is wrong and actually owes the money and he posted the forthcoming bond, it will stand to satisfy in whole or in part the debt.
In the instant case the debtor concedes a liability for at least $600,000.00 to the bank and yet offered no proof as to the value of the asset attached. The opinion of the majority, in effect, overlooks the admission of the debt due and the substantial bond posted by the creditor herein and the fact that the plaintiff-creditor has met all the statutory conditions entitling it to the writ of attachment. Fraud is not a necessary factor of the statutory right to an attachment in this state when the debt is due. See Section 76.04(2)(3) Florida Statutes (1983).
The majority has written an exception into the statute for goods which may be returned from the foreign jurisdiction to this state. If such an exception is to be made a part of our statutes, it should be done by the legislature, not by judicial fiat. I would affirm the denial of the motion to dissolve the writ of attachment as well as the denial of the motion to dissolve the writ of garnishment.